UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : HON. ROBERT B. KUGLER |
| Plaintiff(s), | : |
| | : Criminal No. 06-848(RBK) |
| v. | : |
| | : |
| WALTER GILMORE, et al, | : **NOT FOR PUBLICATION** |
| | : |
| Defendant(s). | : |

**O P I N I O N**

      Defendant Walter Gilmore was arrested on August 4, 2006, on a warrant charging him with conspiracy to distribute and to possess with intent to distribute more that 500 grams of cocaine.  The federal grand jury returned an Indictment against him on October 18, 2006, on the cocaine charge.  Trial will commence on February 13, 2007.

      The government filed pretrial motions: 1) to admit evidence of defendant's prior conviction; 2) to permit the jury to have transcripts of recorded conversations during deliberation; 3) to permit an expert to testify as to "coded language" and the drug business; and 4) to permit use of statements defendant allegedly made during a proffer session.  Defendant filed a pretrial motion to dismiss the indictment for government misconduct and made an oral motion to supress an alleged post-arrest statement.

      The court heard oral argument on February 7, 2007, and granted the government's motion to provide transcripts to the jury during deliberations, granted the motion to permit expert testimony, and granted the motion to use statements defendant allegedly made during the proffer session if defendant or counsel breach the proffer agreement.  The court also denied defendant's motion to dismiss the indictment and motion to suppress the alleged statement.  The court reserved decision on the government's motion to admit evidence of a prior conviction pending receipt of

further information which it now has the benefit of.  For the reasons expressed below, the government's motion will be **denied**.

Defendant Walter Gilmore pled guilty on March 12, 1992, to an Indictment in the Superior Court of New Jersey, Law Division - Criminal, charging him with possession with intent to distribute CDS and possession of CDS with intent to distribute within 1,000, feet of a school.  On May 22, 1992, he was sentenced on the first charge to 9 years in prison, and on the second charge to 5 years imprisonment, 3 without parole, concurrent to the first charge.  Records reveal Gilmore was paroled on July 5, 1995, and he was discharged from parole on March 3, 1998:

F.R.Evid. 609(b) provides:

> "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect  .... "

Here, since Gilmore was released from prison more than ten years ago, if the government seeks to use this conviction for the sole purpose of generally attacking defendant's credibility should he testify, then the government must show by specific facts and circumstances that the probative value substantially outweighs the prejudice to the defendant.  This is a more difficult burden for the government to meet than for a conviction less than 10 years old.  United States v. D'Agata, 646 F.Supp. 390, 391 n.1 (E.D. Pa. 1986).  See F.R.Evid. 609 (a)(1).

Courts generally look to four factors: 1) the kind of crime involved; 2) when the conviction occurred; 3) the importance of the witness' testimony to the case, and 4) the importance of the credibility of the defendant.  Virgin Islands v. Bedford, 671 F.2d 758, 761 n.4 (3d Cir. 1982).

Here, the factors counsel against admission. The crimes are identical, which could lead to a "spillover" effect with the jury See U.S. v. Beahm, 664 F.2d 414, 418-419 (4th Cir. 1981). (Similarity of offense increases prejudicial potential of evidence). The court can give a strong limiting instruction, which would probably lessen some of the impact.

The conviction is almost 15 years old and there is no evidence defendant committed any other crimes. Thus, this factor weighs against admission. See e.g. Gordon v. U.S., 383 F.2d 936, 940 (D.C. Cir. 1967), cert. denied 390 U.S. 1029 (1968) ("Even [a conviction] involving fraud in stealing, for example, if it occurred long before and has been followed by a legally blameless life, should generally be excluded on the ground of remoteness.").

Finally, Gilmore's testimony will be crucial to his defense and his credibility will be important. He denies being part of any cocaine deal and the government did not find any cocaine in his home or on his person.

Therefore, the balancing of the factors do not demonstrate by specific facts and circumstances that the probative value substantially outweighs the prejudice to defendant. The government's motion to admit evidence of the prior conviction is denied and the government will not be permitted to use the evidence of the prior conviction for a general attack on the credibility of defendant should he testify.

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge

Dated:   February 8, 2007